**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLIFFORD DANIELS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 17-cv-2852 |
| | : | |
| **ANDREW M. SAUL,**[1] | : | |
| **Commissioner of Social Security** | : | |

**MEMORANDUM**

**SCHMEHL, J.**   /s/ JLS                                                                          March 1, 2021

      Plaintiff seeks review, under 42 U.S.C. §§ 405(g) and 1383(c)(3), of the decision of the Commissioner of Social Security denying his claim for supplemental security income (SSI) under Title XVI of the Social Security Act (Act). 42 U.S.C. §§ 1381-1383f. The Court referred the case to United States Magistrate Judge Richard A. Lloret under 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. The Magistrate Judge issued a Report and Recommendation that Plaintiff's request for review be denied, that the final decision of the Acting Commissioner be affirmed, and that the case be dismissed. Plaintiff has now filed Objections to the Magistrate Judge's Report and Recommendation. For the reasons that follow, the Objections are overruled.

      In his first objection, Plaintiff contends that the Magistrate Judge incorrectly reviewed the Administrative Law Judge's ("ALJ") decision based on an overly narrow

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 4, 2019 and is therefore substituted for Nancy A. Berryhill as the defendant in this action. See Fed.R.Civ.P. 25(d)(1); 42 U.S.C. § 205(g) (Social Security disability actions "survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.")

1

scope of review (Pl.'s Obj. at 5-8). Specifically, Plaintiff objects to the Magistrate Judge's statement that "[t]his appeal is limited to the ALJ's findings concerning Mr. Daniels [sic] ability to walk and stand, and therefore to do medium work" (Pl.'s Obj. at 5; Mag.'s R&R at 3 n.3). Plaintiff contends that besides walking and standing, medium work also requires "frequent bending-stooping" (Pl.'s Obj. at 5).

As an initial matter, the Court finds that the Magistrate Judge did not err when he characterized the gist of Plaintiff's argument as that he could not perform medium work[2] because he could not stand or walk for six hours in an eight-hour day (R&R at 5). Indeed, in his initial brief in support of his request for review, Plaintiff himself limited his argument to whether the medical records indicated that he could stand and walk for six hours in an eight-hour day[3] (Pl.'s Br. at 6-7). Similarly, in his second and third arguments, *infra*, Plaintiff also focused solely on his alleged inability to stand and walk for long periods. (Pl.'s Br. at 9-10, 14-15). Given the narrow focus of Plaintiff's argument, the Magistrate Judge correctly identified Plaintiff's issues on appeal when he recommended that the ALJ's finding that Plaintiff could stand and walk for six hours out of an eight-hour day was supported by substantial evidence (R&R at 5). Third, the record does not support Plaintiff's contention that he is unable to bend or stoop. Plaintiff relies on a statement from the State's examining physician, Dr. Tehrani, that Plaintiff "refuse[d] to do any forward bending due to fear of producing pain. At best, he was able to do forward bending to 30 degrees" (Tr. 368). As an initial matter, Plaintiff argues that

---

[2] **"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. 416.967(c);**
[3] **SSR 83-10 provides that "[a] full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds."**

the ALJ misconstrued Dr. Tehrani's finding by concluding that Plaintiff "declined" to bend further than 30 degrees forward, rather than viewing it as a medical statement, which Plaintiff believes would support a finding that he was unable to perform medium work (Pl.'s Obj. at 5).

The record, however, does not support Plaintiff's assertion that the ALJ misconstrued Dr. Tehrani's finding. As noted, Dr. Tehrani stated that Plaintiff "refuse[d] to do any forward bending due to fear of producing pain" (Tr. 368). The ALJ's use of the word "decline" rather than "refuse" was certainly a more modest choice of words and fails to support Plaintiff's suggestion that the ALJ somehow framed the fact of his decision not to forward bend as other than a medical finding (Pl.'s Br. at 5). After discussing Dr. Tehrani's findings that supported Plaintiff's ability to perform the standing and walking required of medium work, the Magistrate Judge addressed Plaintiff's alleged inability to bend (R&R at 8). Here, the Magistrate Judge explained that, "[a]s the ALJ mentioned, there was "`no medical determinable back impairment, and the claimant did not allege problems bending at his current job (i.e., he cleans up spills)'" *Id*. referring to Tr. at 368; see also Tr. 37-38 (transcript of hearing testimony). Ultimately, the Magistrate Judge found that "[t]he ALJ was justified in finding that Dr. Tehrani's narrative report, which did not contain a work-related functional assessment, was "very normal." *Id*. at 8, referring to Tr. 24. The Magistrate Judge did not disregard Plaintiff's argument that he was unable to perform medium work because of his alleged limitations in bending, but, rather, agreed with the ALJ that the medical evidence did not support a finding of such  limitation (Mag.'s R&R at 7-8). For these reasons, the Objection is overruled.

In his second objection, Plaintiff again disagrees with the Magistrate Judge's recommendation that the ALJ's finding that Plaintiff could perform the standing and walking required of medium work was supported by substantial evidence. (Pl.'s Obj. at 8-12). Specifically, Plaintiff argues that there is no medical opinion that supports the ALJ's conclusion that he "can perform the standing, walking or lifting requirements of full-time medium work" (Pl.'s Obj. at 9). Plaintiff concludes, therefore, that because it appears that the ALJ's residual functional capacity (RFC) determination was "based on the ALJ's lay, raw interpretation of medical evidence", it is not supported by substantial evidence. *Id*. This is essentially the same argument that Plaintiff raised in his initial brief wherein he argued that there was no state agency medical opinion regarding his RFC and the ALJ's decision, therefore, was not supported by substantial evidence (Pl.'s Br. at 8). Plaintiff's objection lacks merit. The Magistrate Judge addressed Plaintiff's argument that, absent a medical opinion concerning his RFC, there was no substantial evidence from which the ALJ could base his RFC, and concluded that, "[t]his is incorrect" (R&R at 8). In explaining his support for the ALJ's RFC determination, the Magistrate Judge agreed with the Commissioner's reliance on the regulatory provision that "[t]he ALJ – not treating or examining physicians or State agency consultants – make the ultimate disability and RFC determinations. See 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)" (Mag.'s R&R at 8). The Magistrate Judge also agreed with the Commissioner's reliance on *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) for the proposition that the ALJ may "rely on the state agency consultant's opinion in making his RFC determination." (Mag.'s R&R at 8). The Magistrate Judge explained that the ALJ relied on the state's examining physician's opinion and, as in

*Chandler*, "considered all the available medical and other evidence in making his RFC determination." *Id*. The Magistrate Judge declined to agree with Plaintiff's reliance on *Doak v. Heckler*, 790 F.2d 26, 29 (3d Cir. 1986). *Id*. at 8-9. The Magistrate Judge correctly observed that although the ALJ in *Doak* disregarded all available medical evidence (where the opinion evidence was the only medical evidence in the case) when constructing the RFC, "[t]hat did not happen here." *Id*. at 8-9. To the contrary, in this case, the Magistrate Judge noted that "the ALJ reasonably considered all of the available medical evidence, opinion and otherwise, when determining the RFC. What is more, no doctor opined that Mr. Daniels' gout or other medically determinable conditions would prevent him from standing or walking at least six hours during an eight hour work day. The ALJ diligently examined the available evidence and concluded that the Plaintiff was not so limited." *Id*. at 9. The Magistrate Judge concluded that the ALJ's "determination [was] consistent with the medical evidence in the record" and, therefore, "[t]here was no error." *Id*. Because the Magistrate Judge correctly concluded that the ALJ's finding that Plaintiff could perform the standing and walking required of medium work was supported by substantial evidence, Plaintiff's objection is overruled.

In his third objection, Plaintiff disagrees with the Magistrate Judge's recommendation that the ALJ's evaluation of his subjective complaints was appropriate (Pl.'s Obj. at 12-14). Plaintiff argues that the ALJ's evaluation of his subjective complaints was so "cursory and factually flawed that it precludes as to prevent meaningful judicial review" (Pl.'s Obj. at 13). The Court notes that this is essentially the same argument that Plaintiff raised in his initial brief in support of his request for review (Pl.'s Br. at 11-14). The Magistrate Judge specifically addressed Plaintiff's claim that the

**5**

ALJ's subjective complaint analysis was inappropriate because the ALJ allegedly did not properly explain the reasons for his determination, and found that "[t]his was incorrect" (R&R at 9). In so finding, the Magistrate Judge considered the ALJ's explanation that "`[t]he credibility of the claimant's allegations is weakened by the medical records that do not reflect objective support for the ankle swelling of which he complains'" (R&R at 9, referring to Tr. 25). The Magistrate Judge noted that the ALJ also mentioned that "`[t]reatment notes in the record do not sustain the claimant's allegations of disabling pain and symptoms.'" *Id*. Then, acknowledging that the ALJ's credibility determination was entitled to deference but must be supported by the record, the Magistrate Judge concluded that, "[h]ere, the ALJ's credibility determination was based on the inconsistency between the Plaintiff's allegations and the clinical picture captured by the treating notes." *Id*. at 9-10. The Magistrate Judge then concluded that "[t]he ALJ's determination was supported by the record." *Id*. Plaintiff has identified no reason to disturb the Magistrate Judge's recommendation and his objection is overruled.

In his fourth objection, Plaintiff disagrees with the Magistrate Judge's recommendation that the ALJ appropriately considered the physical accommodations that his employer gave him (Pl.'s Obj. at 14-15). The Court finds that this, too, is essentially the same argument that Plaintiff raised in his initial brief in support of request for review (Pl.'s Br. at 9-10). The Magistrate Judge concluded that the "ALJ properly considered the accommodations made at Plaintiff's part-time work" (R&R at 10-12). As the Magistrate Judge explained, the ALJ "dealt with Mr. Daniels' ankle pain and swelling explicitly" and addressed "Plaintiff's workplace accommodations by addressing the

**6**

symptoms that concededly led to the accommodations" (R&R at 11). The Magistrate Judge also explained that the ALJ found that symptoms claimed by Plaintiff were not supported by the medical records. *Id*. After considering the medical evidence that the ALJ relied on, the Magistrate Judge explained that his own review of the medical records essentially confirmed the ALJ's finding. *Id*. Ultimately, the Magistrate Judge concluded that "[t]he ALJ dealt with the condition that the Plaintiff himself insisted was the cause of his work accommodations: ankle pain and swelling. The ALJ did not fail to address this evidence, and his consideration of the evidence was appropriate." *Id*. at 12. For these reasons, the Magistrate Judge reasonably concluded that "[t]here was no error" in the ALJ's decision. *Id*. Plaintiff has not identified any reason to disturb the Magistrate Judge's recommendation and this objection is overruled.

    An appropriate Order follows.